**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| SHAWN GIESWEIN, | § § § § § § § § § § § | |
| Petitioner, | | |
| v. | | CIVIL ACTION NO. 5:22-CV-92-RWS-JBB |
| WARDEN, FCI-TEXARKANA, | | |
| Respondent. | | |

## ORDER

Before the Court is Petitioner Shawn Gieswein's writ of habeas corpus complaining of the calculation of his sentence and legality of his conviction. Docket No. 1. The case was referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636. The Magistrate Judge issued a Report recommending that the petition for writ of habeas corpus be dismissed with prejudice and any claims for monetary damages be dismissed without prejudice. Docket No. 19.

Petitioner asserted that 18 U.S.C. § 922(g)(1)—prohibiting convicted felons from possessing firearms—is unconstitutional under the Supreme Court's ruling in *New York State Rifle and Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). He argued that a § 2255 petition would be inadequate or ineffective to test the legality of his conviction. Petitioner also contended that under 18 U.S.C. § 3624(c)(2), the Bureau of Prisons is required to give all prisoners with sentences of 60 months or more a minimum of 18 months of combined pre-release custody, consisting of 12 months in a halfway house and six months of home confinement, but his case manager is not requesting this time credit for Petitioner's sentence. Petitioner also complained about a disciplinary case which he received and that he has been denied the opportunity to work in the prison industry known as UNICOR because of his past crime.

The Magistrate Judge ordered the Respondent to answer the petition, and the Respondent asserted that Petitioner has not exhausted his administrative remedies, his contention that the law requires 18 months of combined pre-release custody is incorrect, he is receiving all of the good time to which he is entitled, and the Supreme Court's decision in *Bruen* does not invalidate his conviction or offer him any basis upon which to seek relief under 28 U.S.C. § 2241. Petitioner filed a response stating that it is the Second Chance Act rather than the First Step Act which authorizes 18 months of combined pre-release custody, exhaustion of administrative remedies would be futile in the time allowed for relief, and *Bruen* affirmed his right to keep and bear arms. He further stated that § 922(g)(1) is not a crime of violence but the Bureau of Prisons counted it as a crime of violence, he was wrongly denied the opportunity to work in UNICOR, he must be awarded his good time, and his claim will be moot if he waits until administrative remedies are exhausted. Petitioner maintained that the Bureau should pay him $1,500.00 for every day he is not released, and his earned good time is not credited.

The Magistrate Judge issued a Report on February 12, 2024, recommending that the writ of habeas corpus petition be dismissed with prejudice as Petitioner's conviction and sentence calculation were valid. Docket No. 19. The Report also found that Petitioner failed to exhaust his administrative remedies as to the computation of his good time credits and recommended that any monetary damages sought should be dismissed without prejudice. *Id*. A copy of this Report was sent to Petitioner at his last known address but was returned as undeliverable. Docket No. 21. Petitioner has not advised the Court of his current mailing address or otherwise contacted the Court since that date. Local Rule CV-11(d) requires that *pro se* litigants to provide the Court with a physical address and are responsible for keeping the Clerk advised in writing of their current physical address. Accordingly, Petitioner has not filed any objections.

Because no objections have been received, Petitioner is barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge (Docket No. 19) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned writ of habeas corpus is **DISMISSED WITH PREJUDICE**. Any claims for monetary damages are **DISMISSED WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 2nd day of August, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE